# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| WENDELL SAMUEL CHISOLM, | ) | |
| | ) | |
| Petitioner, | ) | No. 2:01-cr-00692-DCN-1 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on petitioner Wendell Samuel Chisolm's ("Chisolm") motion to reduce his sentence pursuant to 28 U.S.C. § 2255, ECF No. 72, the United States of America's ("the government") motion to dismiss, ECF No. 80, Chisolm's motion to amend his motion to reduce his sentence, ECF No. 87, and Chisolm's supplement to his motion to amend, ECF No. 95. On July 19, 2001, Chisolm pled guilty to one count of conspiracy to obstruct interstate commerce by armed robbery and to commit armed bank robbery in violation of 18 U.S.C. § 371 and two counts of using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924 (c)(1)(A). Chisolm filed several motions to reduce his sentence in 2012 and 2013. The court denied those motions, as it had no legal basis for resentencing Chisolm, but the court commended Chisolm on his post-sentencing rehabilitation. ECF No. 67

On April 21, 2017, Chisolm, acting pro se, wrote a letter to the court, which the court construed as a 2255 petition. ECF No. 72. The government filed a motion to dismiss on July 28, 2017. ECF No. 80. Chisolm responded to the government's motion and additionally sought to add substance to his petition. ECF No. 87. The government

1

replied in support of its motion to dismiss and alternatively requested that the matter be stayed until the resolution of United States v. Simms, 914 F.3d 229 (4th Cir. 2019), which was pending before the Fourth Circuit at the time. ECF No. 92. The court stayed the matter on December 20, 2018.

The Fourth Circuit subsequently held in Simms that conspiracy to commit Hobbs Act Robbery cannot qualify as a crime of violence under § 924(c)(3)(A), the so-called "force clause," because a conspiracy does not require the use of force against the property of another. 914 F.3d at 233–34. Then in United States v. Davis, the Supreme Court invalidated § 924(c)'s residual clause as unconstitutionally vague. 139 S. Ct. 2319, 2336 (2019). After these two opinions, Chisolm, through counsel, filed a supplemental motion to his 2255 motion in which he asks the court to vacate his two 924(c) convictions or alternatively resentence him pursuant to the First Step Act. ECF No. 95. Chisolm argued that based on Simms and Davis, his conviction for conspiracy to commit robbery could no longer serve as a predicate conviction for his two § 924(c) convictions, meaning that his § 924(c) convictions must be vacated.

On October 22, 2019, the court lifted the stay in this case and ordered the government to respond to Chisolm's supplemental motion. ECF No. 96. The government did so on January 10, 2020. ECF No. 105. In the government's response, the government agreed that Chisolm is entitled to a full resentencing and asked the court to grant Chisolm's 2255 motion.

The court agrees with the parties that Chisolm's § 924(c) convictions should be vacated and that Chisolm is entitled to resentencing. Because Davis found the residual clause of § 924(c) to be unconstitutionally vague, Chisolm's § 924(c) convictions can

stand only if his predicate offense, conspiracy to commit robbery, falls within § 924(c)'s force clause. The Fourth Circuit found that conspiracy to commit Hobbs Act robbery, in violation was 18 U.S.C. § 1951, does not qualify as a crime of violence under the force clause. Simms, 914 F.3d at 233–34. Here, Chisolm was convicted of conspiracy to obstruct interstate commerce by armed robbery and to commit armed bank robbery under a different statute—18 U.S.C. § 371. However, the elements of the two conspiracy crimes are close to identical, making Simms's holding apply in equal force to a conspiracy conviction under § 371. The Fourth Circuit arrived at its holding in Simms because to prove conspiracy to commit Hobbs Act robbery, "the Government must prove only that the defendant agreed with another to commit actions that, if realized, would violate the Hobbs Act. Such an agreement does not invariably require the actual, attempted, or threatened use of physical force." Id. Similarly, "[t]o prove a conspiracy under 18 U.S.C. § 371, the government must establish an agreement to commit an offense, willing participation by the defendant, and an overt act in furtherance of the conspiracy." United States v. Tucker, 376 F.3d 236, 238 (4th Cir. 2004). While § 371 contains an overt act element that § 1951 does not, a defendant could still be convicted of a § 371 conspiracy even if the government does not prove any actual, attempted, or threatened use of force because the overt act need not include such force. At least one other court in the Fourth Circuit has reached the same conclusion. McDuffie v. United States, 2019 WL 3949303, at *3 (E.D. Va. Aug. 21, 2019).

In light of the development of the law and the parties' agreement on this issue, the court vacates Chisolm's two convictions for a violation of § 924(c). This matter is set for resentencing on February 26, 2020 at 11:00 A.M.

For the foregoing reasons the court **GRANTS** Chisolm's motions and **DENIES** the government's motion to dismiss.

**AND IT IS SO ORDERED.**

                                          **DAVID C. NORTON**
                                          **UNITED STATES DISTRICT JUDGE**

**January 22, 2020**
**Charleston, South Carolina**